DOWNEY, Judge.
At 7:30 on a June morning two customs officers, together with three deputized Hollywood police officers, were cruising in the Atlantic Ocean one and one-half miles from shore in an unmarked police department vessel. They observed appellants aboard a Sport Fisherman vessel at anchor motioning the officers to approach the anchored boat. As the officers drew near, appellant Hill-stead asked where the nearest fuel could be found and Officer Caperton responded that it was probably at Pier 66 in Port Everglades. However, Caperton said he would call the Coast Guard. That suggestion appeared to make Hillstead very nervous and he requested that the Coast Guard not be called. However, he did ask if he could pay Caperton to take him to get some fuel in two “jerry cans.” Caperton, becoming suspicious, took a closer look and realized this boat was very low in the water and had a great deal of salt spray on it, among other things. Thereupon, Caperton identified himself as a customs agent and prepared to board appellants’ boat. Prior thereto, he asked Hillstead to open the closed cabin door. When the door was opened Caperton could see burlap bags in the cabin, but could not identify anything as contraband. When officers boarded the boat they smelled marijuana.
Upon motion to suppress, Caperton and another officer articulated the facts that caused them to board the vessel. While they relied primarily upon their border search authority[1] for the boarding, the articulated observations were sufficient to authorize a boarding because of a reasonable suspicion of criminal activity. Cf. United States v. D’Antignac, 628 F.2d 428 (5th Cir.1980), cert. denied, 450 U.S. 967, 101 S.Ct. 1485, 67 L.Ed.2d 617 (1981); Lavely v. State, 422 So.2d 975 (Fla. 4th DCA 1982). In our view a reasonable person would conclude that criminal activity is afoot under circumstances which include the following: (a) hailed in the ocean one and one-half miles off Port Everglades by another boat which is out of fuel and at anchor; (b) the operator asks the location of the nearest fuel source; (c) the hailee suggests Pier 66 but offers to call the Coast Guard, whereupon the hailor becomes very nervous and declines the Coast Guard call; (d) the boat with a 600-800 gallon fuel capacity is sitting low in the water; (e) there is a great deal of salt spray on the boat. With these observations, boarding was justified and we do not feel the command to open the cabin door had any effect on that right. Caper-ton testified boats of this size are frequently armed and he wanted to make sure no one armed was in the cabin. It was stipu *1008 lated at the hearing by the prosecutor that the observations made through the open door did not disclose contraband. Upon boarding, the officers smelled marijuana. The search following that observation disclosed 7,000 pounds of marijuana.
Based upon the foregoing, we affirm the denial of appellants’ motion to suppress and the judgments and sentences appealed from.
BERANEK, J., concurs.
ANSTEAD, C.J., concurs specially with opinion.

. We reject appellee’s contention that the facts of this case justified a border search.